BENNETT'S CASE. See Cases Nos. 1,312–1,315.

---

## Case No. 1,316.

### BENNETT v. ADAMS.

[2 Cranch, C. C. 551.][1]

Circuit Court, District of Columbia. April Term, 1825.

EVIDENCE—FORMER TRIAL—DECEASED WITNESS—PROOF BY GENERAL REPUTATION.

1. When evidence is offered of what a deceased witness testified at a former trial of the same cause, that evidence must be of the very words of the deceased witness.

2. A power to release a debt cannot be proved by general reputation.

THE COURT (THRUSTON, Circuit Judge, absent) decided, that when evidence is offered of what a deceased witness testified, at a former trial of the same cause, that evidence must be of the very words of the deceased witness. It is not sufficient for the witness to state what he understood to be a substance or effect of the language of the deceased witness. Phil. Ev. (Ed. N. Y. 1820.) 199.

THE COURT also decided that a power to release a debt could not be proved by general reputation.

Verdict for plaintiff, $63.68.

---

---

## Case No. 1,317.

### BENNETT v. BENNETT.

[3 Cranch, C. C. 647.][1]

Circuit Court, District of Columbia. Nov. Term, 1829.

TRIAL—CONTINUANCE—DEMAND OF SECURITY FOR COSTS.

A notice given at the trial term in Alexandria, that security for costs will be required, is no ground for postponing the trial.

[See Hawkins v. Willbank, Case No. 6,247.]

Mr. Neale, for the defendant, [James H. Bennett,] now, at the trial term, gave notice to the plaintiff [Bennett's Executor] that he should require security for costs.

Mr. Taylor objected that this notice ought not to delay the trial; the defendant having obtained continuances of the cause, and not having given a previous notice, according to the act of Virginia, p. 111, § 23.

Mr. Lee, the clerk, stated that the practice

[1] [Reported by Hon. William Cranch, Chief Judge.]

---

of the court was not to delay trial when the notice was not given before the trial term.

THE COURT (nem. con.) refused to delay the trial. Verdict for the defendant.